ELIZABETH GODWIN, SOLOMON LONG AND M. L. DECKLE, *Appellants,* v. FRANCES M. McKINNON AS ADMINISTRATRIX OF THE ESTATE OF J. C. McKINNON, DECEASED, *Appellee.*

Opinion Filed Februuary 18, 1914.

APPELLATE PRACTICE—EQUITY PRACTICE.

Where all the defenses set up in a suit for foreclosure of a mortgage are overwhelmingly met and disproved by the testimony in the cause, a decree of foreclosure in favor of the complainant will not be disturbed upon on appeal in said cause.

Appealed from Circuit Court for Jackson County; D. J. Jones, Judge.

Decree affirmed.

*Paul Carter,* for Appellants;

*D. L. McKinnon,* for Apppellee.

TAYLOR, J.—The appellee, hereinafter referred to as the complainant, filed her bill for foreclosure of a mortgage in the Circuit Court of Jackson County against the appellants hereinafter referred to as the defendants.

The mortgage was executed and delivered by Elizabeth Godwin to secure a note made by her and her son Solomon Long; M. L. Deckle held a subsequent mortgage on the same property and was made a party defendant to foreclose his interest as junior mortgagee.

To the bill Elizabeth Godwin filed a plea alleging a total want of consideration for said note and mortgage, and by an amended plea alleged that said note and mort-

gage were procured from her without any consideration whatsoever moving to her from the mortgagee J. C. McKinnon but were fraudulently procured from her by the mortgagee;

That J. C. McKinnon was at the time a lawyer and County Judge and that she applied to him to prepare for her a will to dispose of her property, and that instead of a will that she thought in her ignorance of reading or writing, she was signing the mortgage and note sued on was the outcome of such fraud.

The defendant, M. L. Deckle answered the bill alleging upon information and belief a total want of consideration for said note and mortgage, and by an amended answer attempts to set up a partial failure of consideration therefor. He also alleges in his answer that the mortgaged land belonged originally to one Charles Godwin, who was formerly a slave and that on his death he left his wife, Elizabeth Godwin, and two children begotten by her during his slave marriage to her as his heirs at law, and that his widow Elizabeth Godwin was entitled only to her dower for life in said land and that at her death it would revert to her two children by her former slave marriage with the said Charles Godwin, and that Elizabeth could only mortgage to the complainant her dower interest in said land, whereas he, the said Deckle, held mortgages upon said land that were executed by said two children of said Charles Godwin as well as by Elizabeth Godwin his widow, and that his said mortgages were a superior lien upon said land over the mortgage of the complaint.

Testimony was taken, and upon the pleadings and proofs the court rendered a final decree of foreclosure for the full amount of the complainant's note and mortgage, and decreed it to have priority over the mort-

gage of the defendant M .L. Deckle, and ordered the land to be sold by a master under said decree and the proceeds applied first to the payment of the amount due the complaint. The decree also adjudges the amount due to M. L. Deckle on his mortgages and decrees that out of the proceeds of the sale of the mortgaged land, after the sum due the complainant is paid in full, the balance, if any, shall be paid to said Deckle, and any balance left, after both the complainant and Deckle are paid in full, should be turned over to the defendant, Elizabeth Godwin. From this final decree the defendants below have appealed here.

We find no error in the decree. Even if the statute, casting the burden of proving a consideration for the note and mortgage sued on on the complainant when the consideration is wholly denied by plea under oath, applies to an administrator suing to recover on a note and mortgage made to his intestate the complaint has fully met this burden by overwhelming proof of consideration paid by the complainant's intestate during his life time in money at divers times to the mortgagor Elizabeth Godwin. Whereas the defendant's proofs to the contrary was overwhelmingly impeached by disinterested witnesses. The testimony of the defendant Elizabeth Godwin was so overwhelmingly impeached, as to be justly characterized as reckless swearing, so that no credence could be placed upon anything that she might assert. The defense set up by the defendant M. L. Deckle to the effect that Charles Godwin, the original owner of the land in controversy, at his death left two children, viz.: Solomon Long and Patsy Webb (nee Long) as his heirs-at-law besides his widow Elizabeth Godwin, who was entitled only to dower for life in said land, and consequently could mortgage to the complainant herein only

her said dower interest, was overwhelmingly met and up-set by the proofs that showed conclusively that said two persons, Solomon Long and Patsy Webb (nee Long), were not the children of Charles Godwin, deceased, but were children of Elizabeth Godwin by two other men, both born before she ever met Charles Godwin, and that she, the said Elizabeth Godwin as the widow of said Charles Godwin, inherited the mortgaged premises from him as his sole heir at law.

The decree of the court below is hereby affirmed at the cost of the appellants.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHIT-FIELD, J. J., concur.